**FILED**
11/16/2017
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

Daniel V Bidirel )
_____ )
)
Plaintiff(s), )
)
v. )
UPS Inc )
_____ )
)
Defendant(s). )

1:17-cv-07802
Judge Robert M. Dow
Magistrate Judge Sheila M. Finnegan

**RECEIVED**

OCT 30 2017

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

1. This is an action for employment discrimination.

2. The plaintiff is Daniel V Bidirel of the county of Cook in the state of Illinois.

3. The defendant is UPS Inc, whose street address is O'hare International Airport, (city) Chicago (county) Cook (state) IL (ZIP) 60666

   (Defendant's telephone number) 773-601-1743

4. The plaintiff sought employment or was employed by the defendant at (street address)
   O'hare International Airport (city) Chicago
   (county) Cook (state) IL (ZIP code) 60666

Rev. 06/27/2016

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

5.  The plaintiff [**check one box**]

   (a)  ☐  was denied employment by the defendant.

   (b)  ☐  was hired and is still employed by the defendant.

   (c)  ☑  was employed but is no longer employed by the defendant.

6.  The defendant discriminated against the plaintiff on or about, or beginning on or about,
   (month) February (day) _____ , (year) 2011 .

7.1  (**Choose paragraph 7.1 or 7.2, do not complete both**.)

   (a)  The defendant is not a federal governmental agency, and the plaintiff
        [*check one box*] ☑*has*  ☐*has not* filed a charge or charges against the defendant

        asserting the acts of discrimination indicated in this complaint with any of the

        following government agencies:

        (i)  ☑ the United States Equal Employment Opportunity Commission, on or about

             (month) July (day) 24 (year) 2017.

        (ii)  ☑ the Illinois Department of Human Rights, on or about

             (month) July (day) 24 (year) 2017.

   (b)  If charges *were* filed with an agency indicated above, a copy of the charge is

        attached. ☑ Yes, ☐ No, **but plaintiff will file a copy of the charge within 14 days**.

   It is the policy of both the Equal Employment Opportunity Commission and the Illinois

   Department of Human Rights to cross-file with the other agency all charges received. The

   plaintiff has no reason to believe that this policy was not followed in this case.

7.2  The defendant is a federal governmental agency, and

   (a)  the plaintiff previously filed a Complaint of Employment Discrimination with the

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

defendant asserting the acts of discrimination indicated in this court complaint.

☐ Yes (month)_____ (day)_____ (year) _____

☐ No, did not file Complaint of Employment Discrimination

(b)     The plaintiff received a Final Agency Decision on (month) *August*

(day) _15_ (year) *2017* .

(c)     Attached is a copy of the

(i)   Complaint of Employment Discrimination,

☐ Yes     ☐ No, but a copy will be filed within 14 days.

(ii) Final Agency Decision

☑ Yes     ☐ N0, but a copy will be filed within 14 days.

8.     *(Complete paragraph 8 only if defendant is not a federal governmental agency.)*

(a) ☐      the United States Equal Employment Opportunity Commission has not

issued a *Notice of Right to Sue.*

(b) ☑ the United States Equal Employment Opportunity Commission has issued

a *Notice of Right to Sue*, which was received by the plaintiff on

(month) *August* (day) _19_ (year) *2017* a copy of which

*Notice* is attached to this complaint.

9.     The defendant discriminated against the plaintiff because of the plaintiff's [***check only***

***those that apply***]:

(a) ☐ Age (Age Discrimination Employment Act).

(b) ☐ Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

(c) ☑ Disability (Americans with Disabilities Act or Rehabilitation Act)

(d) ☐ National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(e) ☐ Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(f) ☐ Religion (Title VII of the Civil Rights Act of 1964)

(g) ☐ Sex (Title VII of the Civil Rights Act of 1964)

10. If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

11. Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); for 42 U.S.C.§1981 and §1983 by 42 U.S.C.§1988; for the A.D.E.A. by 42 U.S.C.§12117; for the Rehabilitation Act, 29 U.S.C. § 791.

12. The defendant [*check only those that apply*]
(a) ☐ failed to hire the plaintiff.

(b) ☑ terminated the plaintiff's employment.

(c) ☐ failed to promote the plaintiff.

(d) ☐ failed to reasonably accommodate the plaintiff's religion.

(e) ☑ failed to reasonably accommodate the plaintiff's disabilities.

(f) ☑ failed to stop harassment;

(g) ☑ retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above;

(h) ☐ other (specify): _____

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

_____

_____

_____

_____

13.    The facts supporting the plaintiff's claim of discrimination are as follows:

_____

_____

_____

_____

_____

14.    **[*AGE DISCRIMINATION ONLY*]** Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

15.    The plaintiff demands that the case be tried by a jury. ☑ Yes ☐ No

16.    THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [*check only those that apply*]

(a)    ☐   Direct the defendant to hire the plaintiff.

(b)    ☑   Direct the defendant to re-employ the plaintiff.

(c)    ☐   Direct the defendant to promote the plaintiff.

(d)    ☐   Direct the defendant to reasonably accommodate the plaintiff's religion.

(e)    ☐   Direct the defendant to reasonably accommodate the plaintiff's disabilities.

(f)    ☐   Direct the defendant to (specify): _____

_____

_____

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

_____

_____

_____

(g)    ☑ If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(h)    ☑ Grant such other relief as the Court may find appropriate.

_____
(Plaintiff's signature)

Daniel V Bidirel
(Plaintiff's name)

_____
(Plaintiff's street address)

(City)_____(State)_____(ZIP)_____

(Plaintiff's telephone number) 773 - 904 - 0161

Date:  _____

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

I started working for UPS in or around 2008. I am deaf and UPS was aware of my disability. I worked as a bag sorter/ box lifter. In or around February 2011 my supervisor began to discriminate against me because of my disability by treating me differently than my non-deaf coworkers. For example, my supervisor waved her hand in front of my face on several occasions and berated me in front of my coworkers. The defendant refused my request for a sign language interpreter, making it difficult for me to communicate with my supervisor and coworkers. My supervisor also consistently assigned me much more difficult work to perform in comparison to my non deaf coworkers who would laugh at me and otherwise ridicule me in the presence of management without repercussions. Because of the discriminatory workload I was injured on the job on October 20, 2011. I asked my manager to relieve me of my duties but she refused. Consequently my injury was worsened. By January 12, 2012 my injuries were so severe that my physician advised me not to continue working in that job and thus I was constructively discharged. In or around February, 2011 I complained to Human Resources about this discriminatory treatment but nothing changed. I continued to complain until ultimately I was constructively discharged.

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Daniel Bidirel<br>6135 North Glenwood Avenue<br>Apt 2W<br>Chicago, IL 60660 | From: | Chicago District Office<br>500 West Madison St<br>Suite 2000<br>Chicago, IL 60661 |
|---|---|---|---|

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2017-05081 | Ana Alza,<br>Investigator | (312) 869-8038 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Enclosures(s)

**Julianne Bowman,**
**District Director**

8/15/17

*(Date Mailed)*

cc:
**UPS INC**
**Pamela M. Palmer**
**c/o Paralegal**
**55 Glenlake Parkway, NE**
**Building 3, Floor 4**
**Atlanta, GA 30328**

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 440-2017-05081 |

| Illinois Department Of Human Rights | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Mr. Daniel Bidirel** | **(773) 904-0161** | **1984** |

| Street Address | City, State and ZIP Code |
|---|---|
| **6135 North Glenwood Avenue, Apt 2W, Chicago, IL 60660** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **UPS INC** | **201 - 500** | **(773) 601-1743** |

| Street Address | City, State and ZIP Code |
|---|---|
| **O ' Hare International Airport, Chicago, IL 60666** | |

RECEIVED EEOC

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | JUL 24 | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

CHICAGO DISTRICT OFFICE

| DISCRIMINATION BASED ON *(Check appropriate box(es).)* | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN<br>☒ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION<br>☐ OTHER *(Specify)* | Earliest — Latest: **01-12-2012**<br>☐ CONTINUING ACTION |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I began my employment with Respondent in or around 2008. My most recent position was Bag Sorter/Box Lifter. Respondent was aware of my disability. During my employment with Respondent, I requested a reasonable accommodation, which was not provided. Subsequently, on or about January 12, 2012, I was constructively discharged.

I believe I have been discriminated against because of my disability, and in retaliation for engaging in protected activity, in violation of the Americans with Disabilities Act of 1990, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Jul 24, 2017** *Date*  *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

# Daniel Bidirel

# Attachment # 1

# (Deaf)

### Preservation of Records Requirement

EEOC regulations require respondents to preserve all payroll and personnel records relevant to the charge until final disposition of the charge or litigation. 29 CFR §1602.14. For more information on your obligation to preserve records, see http://eeoc.gov/employers/recordkeeping.cfm.

### Non-Retaliation Requirements

The laws enforced by the EEOC prohibit retaliation against any individual because s/he has filed a charge, testified, assisted or participated in an investigation, proceeding or hearing under these laws. Persons filing charges of discrimination are advised of these Non-Retaliation Requirements and are instructed to notify EEOC if any attempt at retaliation is made. For more information, see http://www.eeoc.gov/laws/types/facts-retal.cfm.

### Legal Representation

Although you do not have to be represented by an attorney while we handle this charge, you have a right, and may wish to retain an attorney to represent you. If you do retain an attorney, please provide the attorney's contact information when you log in to the online system.

Please retain this notice for your records.

EEOC Form 212-A (3/98)

# U.S. Equal Employment Opportunity Commission

TO: **Illinois Department Of Human Rights**
**100 West Randolph Street**
**Floor 10-100**
**Chicago, IL 60601**

Date   **July 24, 2017**
EEOC Charge No.
    **440-2017-05081**

FEPA Charge No.

CHARGE TRANSMITTAL

SUBJECT:

| **Daniel Bidirel** | v. | **UPS INC** |
|---|---|---|
| Charging Party | | Respondent |

Transmitted herewith is a charge of employment discrimination initially received by the:

☒ EEOC ☐ _____    on    **July 24, 2017**
                                  Name of FEPA      ỹDa    Date of Receipt

[X] Pursuant to the worksharing agreement, this charge is to be initially investigated by the EEOC.

☐ Pursuant to the worksharing agreement, this charge is to be initially investigated by the FEPA.

☐ The worksharing agreement does not determine which agency is to initially investigate the charge.

☐ EEOC requests a waiver     ☐ FEPA waives

☐ No waiver requested     ☐ FEPA will investigate the charge initially

*ILL DEPT OF HUMAN RIGHTS*
*JUL 24 2017*
*RECEIVED*

*Please complete the bottom portion of this form to acknowledge the receipt of the charge
and, where appropriate, to indicate whether the Agency will initially investigate the charge.*

| Typed Name and Title of EEOC or FEPA Official | Signature/Initials |
|---|---|
| **Julianne Bowman, District Director** | *Julianne Bowman* |

| **Daniel Bidirel** | v. | **UPS INC** |
|---|---|---|
| Charging Party | | Respondent |

TO WHOM IT MAY CONCERN:

☐ This will acknowledge receipt of the referenced charge and indicate this Agency's intention to initially investigate the charge.

☐ This will acknowledge receipt of the referenced charge and indicate this Agency's intention not to initially investigate the charge.

☐ This will acknowledge receipt of the referenced charge and request a waiver of initial investigation by the receiving agency.

☐ This will acknowledge receipt of the referenced charge and indicate this Agency's intention to dismiss/close/not docket the charge for the
following reasons:

| Typed Name and Title of EEOC or FEPA Official | Signature/Initials |
|---|---|
| **Janice Glenn, Director** | |

TO: **Chicago District Office**
**500 West Madison St**
**Suite 2000**
**Chicago, IL 60661**

Date   **July 24, 2017**
EEOC Charge No.
    **440-2017-05081**
FEPA Charge No.

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA ☒ EEOC | 440-2017-05081 |

| Illinois Department Of Human Rights | and EEOC |
|---|---|
| State or local Agency, if any | |

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Mr. Daniel Bidirel** | **(773) 904-0161** | **1984** |

| Street Address | City, State and ZIP Code |
|---|---|
| **6135 North Glenwood Avenue, Apt 2W, Chicago, IL 60660** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **UPS INC** | **201 - 500** | **(773) 601-1743** |

| Street Address | City, State and ZIP Code |
|---|---|
| **O ' Hare International Airport,  Chicago, IL 60666** | |

RECEIVED EEOC

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

JUL 24

| Street Address | City, State and ZIP Code |
|---|---|
| | |

CHICAGO DISTRICT OFFICE

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| | Earliest / Latest |

| ☐ RACE | ☐ COLOR | ☐ SEX | ☐ RELIGION | ☐ NATIONAL ORIGIN | 01-12-2012 |
| ☒ RETALIATION | ☐ AGE | ☒ DISABILITY | ☐ GENETIC INFORMATION | | |
| ☐ OTHER (Specify) | | | | | ☐ CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

**I began my employment with Respondent in or around 2008. My most recent position was Bag Sorter/Box Lifter. Respondent was aware of my disability. During my employment with Respondent, I requested a reasonable accommodation, which was not provided. Subsequently, on or about January 12, 2012, I was constructively discharged.**

**I believe I have been discriminated against because of my disability, and in retaliation for engaging in protected activity, in violation of the Americans with Disabilities Act of 1990, as amended.**

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| Jul 24, 2017 _____ *Daniel Bidirel* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |
| Date          Charging Party Signature | |

Charge Number: 440-2017-05081
CP: Daniel Bidirel
R: UPS INC.
AA
07/26/2017 at 10: 20 am

Telephone Conversation with CP (Bidirel)

Bidirel called AA to inform him that during his time working at UPS, UPS failed to provide an interpreter or even written agendas when conducting meetings. During the meetings, CP did not know what was going on. In addition, R did not place signs or light that would indicate to a deaf person that an emergency is occurring. AA explained that the EEOC does not include every detail of events in the charges because it is not to the benefit of the Charging Party. In addition, AA explained that his charge would more than likely get a Notice of Right to Sue within 2-4 weeks. Additional information should be provided to an attorney, if applicable. CP stated he understood.

**Intake Notes**
**By Ana Alza**                    **Office**

**July 24 ,2017**
**Case #440-2017-05081**
**PCP: Daniel Bidirel**
 **R: UPS**
**POS: Sort of bags**
**DOH: 2008**
**DOD: January 12, 2012**
**Direct Supervisor: Vicky Coyer**
**Basis: Disability, retal.**
**Issue: constructive discharge, reasonable accommodation**

**Duties: Sorting bags of mail, sorting the mail in shelve**

EEOC neutrality, 300 SOL, right to file, Position Statement

PCP stopped working for UPS on January 12, 2012

PCP was injured on October 2011.

October 2011- PCP was lifting bas and heard a pop on his back. PCP informed his supervisor and told her that he was in a lot of pain. PCP continued working.

PCP went to the doctor in January 2012. It took a long time to get an appointment with doctor's comp. PCP informed R of his pain. PCP was working with an injury in October 2011 , November 2011, December2011.

Boxes were quite heavy, over 80 lbs, at work. PCP was lifting them alone. No assistance. PCP feels that he was getting picked on.

PCP received restriction in January 2012. PCP had restrictions.  PCP cannot lift over 40-50 lbs.

PCP gave notification to Carrie (Manager). Carrie did not get an interpreter. Carrie was typing information. PCP did not feel comfortable in the conversation because he preferred an interpreter. Conversation was being typed. PCP has the record of the conversation.

Carrie tells PCP that he can return to work until he is cleared by his doctor. PCP was in a lot of pain and could not return to work. PCP inquired with an attorney if he should return to work. The attorney informed him that it was better for him to stay at home until he was recovered.

January 12, 2012 -PCP had to resign because the injury was serious. R kept calling PCP asking him to return to work. PCP would tell him that he was sick.

PCP stated that Vicky would tell him to do heavy work and  yell at him for not completing the heavy work.

I counseled PCP.

PCP chooses to file under disability and retal.
PDI conducted.

From: Daniel Bidirei blueairplanne84@aol.com
Subject: No Subject
Date: May 7, 2012 at 12:44 PM
To: blueairplane84@aol.com

To Human Resource,

    This is about my back pain, that began while I worked at UPS.
On October 20, 2011 I was working on loading the Unit Load Device (ULD) and supervisor Vicki Coyer was rushing me to "Hurry Up", I was trying to moving as quickly as possible, but she kept yelling at me. While lifting a box I noticed a pull in my spine and lower back. Someone was observing me and told Vicki that I wasn't using proper form. The next day, Vicki began laughing at me saying my loading form was wrong. I answered "Your rushing me so, I don't have time to do it right. If I have right form and the plane leaves your going to blame me".
She later gave me a written warning and told me to sign, which I did not because an interrupter was not present.

The day after Vicki told me to unload a truck, I told her I couldn't because my back was starting to hurt more. She yelled at me and said something's that I didn't understand. Then threw her hands up in frustration, and walked away. She went off to ask another employee to unload the truck, where they mocked me and said rude things.
On the December 28, 2011 the pain became worse. So bad that I could barely walk. After a discussion with Vicki about my time card swiper, the pain in my back became even more painful. I was worried that it could have been something very serious. I felt a swelling in my lower back that pinched when I walked, that ran up my spine.

All I keep hearing is "Don't worry, I will help you" , but I'm not getting any help. Dean Govostis says he will help me but nothing has happened. I call my manger Roger, and get no answer, and they don't call me back.
The doctors office has contacted Carrie Weed, about this issues and she

hangs up. Laura Laatz won't answer or reply to me or the doctors office.

Ada Adair an interrupter, and Araceli a nurse at Chicago Orthopaedics and Sports Medicine have tried to contact Roger, they called on April 17th around 2pm, left messages, and still no reply.

Around the 20th, Ada called Roger again and no answer.

Laura Laatz told me I was not approved for short term disability, for me to apply for Workers Comp.

I am not receiving any Workers Comp. My insurance has been suspend since January 10th 2012, which is what I am more worried about. I need to keep checking my back. The cost of this kind of injury is more than I can afford. I want to know why my insurance was suspended, and why I was put on "leave" from UPS? I want to know what steps I need to do to get this fixed?

I received a letter from Chicago Orthopaedics & Sports Medicine, and Nova Care Rehabilitation; saying that I owe $3,035 due to my insurance being suspended, and me not receiving any money since my last day of work in January of this year.

I have been feeling depressed, because of all of these problems, and that no one seems to really want to help me.

- Daniel Bidirel (deaf)

From: **Daniel Bidirel** blueairplanne84~~~.com
Subject: No Subject
Date: May 7, 2012 at 12:45 PM
To: blueairplane84@aol.com

## To Human Resources,

I'm Filling a complaint about Carrie L. Weed. On February 14, 2011 at 9:40pm I was having irritable bowel syndrome (IBS) issues. I went to the washroom and then returned, to have Carrie stop me with attitude. She was saying something to me that I could not understand. I asked her to write it down for me, and what she put was "who told you to go to the bathroom? You need to ask for permission." Making me feel low and embarrassed, like I was a child in school. I later went to get another co-worker who is also deaf to explain what I was trying to tell her. He went to tell her about my IBS and explain to her what that is. Her reply was "I don't care. You need to ask me for permission" with attitude, all while being in front of union member Dean. When we asked what if she stepped away and we really needed to use the washroom, she answered " I don't care, you need to ask me first."
Later, when I asked her to give me that paper that had our conversation on it, she replied with more attitude and told me "NO". I believe she threw it out, but I am unsure.

When I arrived at work on that day, I walked in and she waved and said hello to me, I smiled in reply and walked to get a drink of water. She jumped up put her hand very close to my face, and started to wave. It seemed to me like she was making fun of me, or mocking me.

Another time I arrived at work and clocked in at 7:30pm like I normally do. Carrie came up to me and asked me "Why are you here?" I replied " what do you mean?" She gave me a look said "Drop it" and walked away.

On January 10, 2012 I went in to drop off a doctors note, and I found

myself with Carrie and o interpreter. She asked m questions that I was unsure of what she was asking me. I don't understand "English" well, only American Sign Language (ASL). She never asked me if my injury was work related, she asked "When did you feel it, this morning?" I did respond "yes" but the pain had gotten worse that morning, the back pain had started in October I have that conversation recorded.

Later in January of 2012 I tried to make contact with Carrie to discuss my medical leave. I have yet to hear back from her. The text message I sent was "Hi this is Daniel Bidirel deaf. Can I call you now? If you busy and will call at your work time? Thanks"

On January 25, 2012 I went in to UPS after a doctors visit, where I was told I could not return to work. I sat with Union Steward Dean Govostis, Interpreter Micki Baron, and Carrie Weed, I was told that Carrie would contact HR department's Laura Laatz to let them know I had to file for short term disability.
Around 9pm that same day, I tried to let Scott, who was on the phone, and Dean know while the interpreter was there, about the issues I was having with Carrie and Vicki, but Carrie kept interrupting and walking in forcing me to change the subject to my back pain. After 3 times of her walking in I give up and dropped the compliant.

Around the last week of January, I called Carrie through video phone, the reason for my calling her was because Laura Laatz told me I didn't need to file for short term disability, instead I should call Carrie and file for Workers Compensation. Laura explained to me the difference between

Disability and Workers Compensation, because I was confused and didn't understand how they were different. I called Carrie to tell her that Laura told me to file for Workers Comp, because my injury started at UPS in October. When I told her this she replied with " WHAT?!?" I re-told her

what Laura said and she replied " I thought you said when we had the meeting with the interpreter, you said 'fine'" Then she called me a liar. I went on to tell her No, I was confused about what she was talking about. She went on to yell, and blamed me. When I told her it wasn't my fault, Vicki was the one who pushed a lot of work on me, she said " Don't blame Vicki, I don't care!" when I asked if Vicki had told her I injured my back at work? She said " No, you keep adding Vicki." I tried to explain to her that I have had issues with Vicki and it is her job to report to her and other mangers what happens, but she never does. She went on to yell "I WON'T SUPPORT YOU ANYMORE! I WON'T HELP WITH WORKERS COMP. THAT'S IT!" then hung up on me. Leaving me feeling depressed and hurt. I do have a witness to the conversation, who was beside me while I was on the video phone.
I believe Carrie has the conversation recorded on file, but I am unsure.

When I called Laura again she told me she couldn't help, that Carrie has to file the paperwork for Workers Comp. I have tried to call her 3 or 4 times but she won't answer or call back.

On April 17th, 2012 I went to Chicago Orthopedics and Sports Medicine for my check up, I asked the receptionist if she had heard from Carrie, she said yes. That when she spoke with her;  Carrie told her that she wouldn't support me any more, and not to call her again. When the receptionist asked why, she replied with "I can't explain, Goodbye" and hung up on her.

When the receptionist called again Carrie would hangup on her.

– Daniel Bidirel (deaf)

05/04/12

HUMAN RESOURCES,


CONCERN OF WHOM,


I BEEN WITNESS WITH DANIEL BIDRIEL BETWEEN WITH
VICKY COYER AND CARRIE WEEDS FOR A WHILE SINCE
DECEMBER 2011,

WHEN DANIEL CAMED TO ME. HE BROUGHT THE NOTE FROM
THE CONVERSATION WITH CARRIE AND MEMBER OF UNION
DEAN STAND BEHIND HER. I READ THE NOTE, THAT SHE
WROTE, "WHO PERMISSION GO TO BATHROOM?"AND
LOOKED AT HER, "IN MY MIND, "SHE IS A TEACHER AT UPS
SCHOOL?" I TOLD HER THAT, CAN I BORROW YOUR PEN
PLEASE. SHE STARTED QUIET AND LOOKED BIT ATTIDUTE TO
ME AND GAVE ME THE PEN, WRITE IT UP "IRREGULAR
BOWLMENT SYDOME (IBS")". SHE ACT LIKE DO NOT CARE.
SHE SAID MUST ASKING THE PERSMISSON GO TO
BATHROOM. I TOLD HER WHO ASK SUPERVIOR. BECAUSE
THEY ARE NOT AROUND, WHO WILL ASK THE BATHROOM?
HE CAN GO BATHROOM, AFTER THE SORTING THE
PACKAGES.   WHEN DANIEL AND CARRIE START THE BITTER
BECAUSE, DANIEL ASKED HER TO COPY THE PAPERS. WE
CONVERSATION AND WILL NOT COPY AND GIVE TO HIM AND
STARTED UPSET. I TOLD HIM TO BE CALM DOWN AND GO
BACK TO WORK AVOID THE STRESS.

DECEMBER 2 2011 IT WORSE NIGHTMARE I AM ALONE
OF SORTING AND PACKAGES TO 2 DIFFEREN CONVEYOR
BELTS TO PHILADELPHIA, ROCKFORD AND LOUISVILLE AND
FLATS LETTERS AND SMALL PACKAGES PUT TO SORTING
EACH OF THE CATALOG OF PHILADELPHIA, ROCKFORD AND
LOUSIVILLE. I TOLD TO DANIEL THAT I NEED BACK UP AND
HELP SORTER WHILE THE PACKAGES AND FLATS LETTERS
PILE IT UP ON CONVEYOR. VICKY WITH LOOK ANGRY, TOLD
TO DANIEL THAT "WHO TOLD YOU THAT COMING OVER TO
HELP HIM THE SORTER? I TOLD HER THAT I NEED HELP FOR
SHORT TIME AND SHE REFUSE ALLOW THE HELP THE
SORTER, I REALLY VERY MAD AND TOLD TO DANIEL GO
BACK TO BAGGER. I BEEN STRESS AND PAIN MY RIGHT KNEE
WAS INJURING IN PAST TIME. VICKY STARTED KIND OF PUSH
DANIEL GO WORK. WHEN WORK DONE AT 10 30PM, I DECIDE
WANT GO HOME AT 10 30PM BECAUSE IM LOST MY
STRENGHT AND KNEE PAIN. VICKY TOLD US THAT WE HAVE
GO TRAINING FOR METHODS TEST TODAY. I TOLD TO VICKY
THAT I DO NOT WANT GO TRAINING TODAY AND
RESCHEDULE. SHE SAID WE HAVE TO GO TRAINING. I TOLD
HER I SAY, NO I WANT GO HOME BECAUSE TIRED AND START
BAD MOOD. WE STARTED MAD EACH OTHER. I REFUSED GO
TRAINING WITHOUT NO INTERPRETER AND NO
COMMUNICATION FOR METHODS TEST! I DECIDE WANT GO
HOME AT 10 30PM. I LOOKING THE SWIPE CARD FOR
TIMEKEEPERS AND CANT FIND IT, TOLD TO DANIEL COME
ON, AND LET IT GO FRONT OF VICKY AND SUPERVIOR
KATHLEEN. WHEN I CAME HOME FROM UPS AND CALLED TO
KATHLEEN WHAT HAPPEN AND VICKY, LABOR, CONCERN MY
KNEE AND INFORM TO KATHLEEN THAT WE OFF AT 10 30PM.

l0/2012

Did you go and see the doctor today?
Responded Yes

He told you that you have to be re-evaluated in 3 months?
No

He told you that you have to go back and see him in 3 months?
"Yes"

Do you normally have back pain or do you see him often for this?

How ? When did you feel it, this morning?
Yes this morning,

Like when you woke up?
I just want to make sure I understand what you are saying... you mean when you got up in the morning time frame that you felt that you had pain?
Responded yes..

Ok, have you ever used your disability in the past? Your disability benefit in the past?
No

I will have to have to make arrangements to have our HR contact you with an interrupter so we can provide you with the details for your disability benefits.

Because I will not be able to work you with the lifting restriction.
I will need you to file for the disability benefit even if it is for a week or until you are better then I will be able to allow you to work once your Dr. , this doctor that you saw today clears you.

So you think that taking some medication will help you?
Ok that's good, I hope we can get you better and not have any pain...

But until then, I will not be able to allow you to work......
Because you have this documentation that states that you have a lifting restriction.

So I will need you to rest and take the medication you say will help and get better so I can bring you back.

But, I will need you to bring me a new doctors note that says you will be ok, that says you can return with No restrictions.

Is it Jose downstairs that you are friends with correct? Im going to call him up here so I can explain to him as well is that ok?
I will bring Dean up too to make sure we are all ok,

Is this doctor close to you, is his office close to your house?

Will you be able to go and see him without having to much of a problem to get a new note once you feel better?

Are you thinking maybe a couple of days you will feel a little better?
I just want to make sure that I cover it all with you and let Dean and Jose know so we are all on the same page…. That ok ?
Responded "Yes"

They are coming up….
Does Jose know what is going on right?

I'll type it all out ok?

Present – Dean Govosits, Daniel, Jose, & myself  01-10-12

I am not sure if you know what is going on with Daniel?

Ok, that's what he explained that he was feeling some pain this morning….

So I explained to him that due to the restrictions, the lifting restrictions, I will not be able to allow him to work until he feels better.

He told me that he thinks he will feel better in a few days…that he thinks that by taking some medication and the resting he should feel a little better and be ok…. So……

I told him that I will have to have him go back to the doctor so they can give him a note that says he is ok without any lifting restrictions once he feels better.

So will he be able to go back to doctor in a few days or when he feels better and get a note that says he is ok , no restrictions?

I can give you our fax # to and the doctors office can fax us the form once you see him or her?

Daniel, when do you think you will be able to go back and see the doctor? Do you think you will need a few days to rest?

Did you say he will call the doc tomorrow? – yes

But will he feel better by tomorrow?
So you will go to Walgreens and get medicine and take it tomorrow?

With tomorrow being Wed, do you think you will be in to see the doctor by Friday?
So we are hoping that

I'll give you my phone #

I cannot call your doctor due to privacy laws... I can give you my cell phone number and you can let the doctor call me if you would like?

But I just want to make sure that we all know I will need the proper documentation before I can allow you to work ok?

It will have to clear you and state that Daniel is "allowed to return to work with no restrictions"
So for today, how will you get home? Do you guys drive together?

Do you want to punch out and then come back tonight and get Jose?

Ok, any questions for me Daniel?
Everyone ok right?

That's my cell #

**From:** **Daniel Bidirel** blueairplanne84@ com
**Subject:** Fwd: To Human Resource,
**Date:** April 28, 2012 at 6:08 PM
**To:** blueairplane84@aol.com

---

Begin forwarded message:

**From:** yamiraq1984@yahoo.com
**Date:** April 28, 2012 6:07:16 PM CDT
**To:** Daniel Bidirel <blueairplanne84@me.com>
**Subject:** **To Human Resource,**

To Human Resource,

    I'm filling a complaint about Carrie l. Weed and supervisor Vicki Coyer , I feel they are discriminating to deaf people. In which I will mention in detail.

Starting with the summer/fall of 2011: I feel Vicki is picking on me all the time due to the lack of communication.  She pushes more work on only me and let's other slack off. When I mention to her the load of boxes I had to deal with she ignored me and pushed more work in the sorting bagger. Giving me problems and stress since then,  for example Dec. 28 2011 at 8:45pm Vicki became angry, yelling so loud that I could hear her, for helping another co-worker that had fallen behind, she became angry and yelled at me in a unprofessional manner, telling me to "Go back to work. At 10:30 she took the time card swiper, when I planned on leaving at that time. I require an interpreter just to make sure I don't misunderstand what is being said to me. (Something most mangers and supervisors understand) Her answer to my request was "NO!" she went off to complain to our other manger  Kathy.

I have been dealing with back pains since October 20, 2011. An issues that Vicki doesn't seem to care about.

As of December 20 until the 28th from 9:00 – 10:49pm it seemed like she became angry with me, yelling and picking on me all the time. One time when I was done with my work I went to use the washroom and get a quick drink, Vicki saw me and began to yell for me to return to my post; where she began to fill my area with a lot of boxes and flat envelopes.

There was a time when my shift was over and i was about to clock out when Vicki asked someone to come and get me to put HER scanner back on the charger. Not asked, TOLD me. A responsibly that I believe she can do on her own.

There has also been times, about 5 or 6 times where Vicki will allow the other team members to leave early leaving me and another deaf person to clean up everyone's mess. I feel that is something we should all do as a team, together. I have mention it to her before, but she won't listen to me.

Also, one of my team members was bad mouthing me to Vicki. As oppose to acting like a professional supervisor she continued to join in the bad mouthing. I've been told several times that Vicki speaks negatively about me to other team members. Something, I believe a supervisor shouldn't do.



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Chicago District Office**

500 West Madison Street, Suite 2000
Chicago, IL 60661
(312) 869-8000
INTAKE FAX (312) 869-8170

## PLEASE READ FIRST

This is in response to your request that a Charge Questionnaire be sent to you because you believe that you may have been discriminated against in employment. Please read the enclosed fact sheet, "Information on Employment Discrimination" before filling out the questionnaire. If your complaint (1) is against one of the covered organizations, (2) falls under one or more of the laws described, and (3) asserts harm which occurred less than 300 days ago, complete the enclosed questionnaire and bring, fax or mail it to the Commission office at the above address. An officer of the Commission will interview you to determine whether a charge of discrimination should be filed. Our office hours for interviews are 8:45 AM and 10:45 AM Monday through Friday. Interviews are conducted by appointment. Walk-ins are accepted if you arrive before 11:30 AM, but appointments have priority and you may be asked to make an appointment due to available resources. Please call (312) 869-8010 to schedule an appointment.

If you live more than 50 miles from Chicago or <u>cannot</u> come into the office because of impairment, you may mail or Fax the questionnaire to the above address. Because of staff shortages there will be a delay before you are contacted. If you are not contacted within 60 days for an appointment, you may call (312) 869-8010. Please attach a note to your form stating what times you are normally available to receive telephone calls and at what number you may be reached.

When you bring, mail or Fax in your questionnaire, we ask that you provide or attach any evidence available to you which might be relevant to your claim. For example, this might include (1) the names of individuals who were treated the same as you and of those who were treated better than you, (2) the names, addresses, and telephone numbers of witnesses; and (3) copies of documents which tell what happened to you and/or the policy under which it happened.

# INFORMATION ON EMPLOYMENT DISCRIMINATION

This information is being given to you to help you decide whether your employment problem can be handled by the United States Equal Employment Opportunity Commission (EEOC). The EEOC was created by Congress to investigate allegations of employment discrimination engaged in by private employers, public state and local governments, labor unions and employment agencies. The EEOC can only investigate allegations of employment discrimination because of one or more of the reasons listed below:

   Your race,
   Your color (darkness or lightness of skin),
   Your sex,
   Your religion,
   Your national origin,
   Your age (if you are 40 or older), or
   Your disability (includes employer's belief that you are disabled),
   Your genetic information (acquiring or use of)
   Opposing or protesting an act violating one of the laws enforced by EEOC,
   Participating in an investigation or proceeding relating to one of the laws enforced by EEOC,
   Associating with someone protected by one of the laws enforced by EEOC.

Some of these terms may have different meanings under the laws we enforce than elsewhere. EEOC can provide you with information regarding the meaning of the terms concerning your situation.

The EEOC **does not** accept complaints of discrimination against the Federal Government. Such complaints must be filed with the EEO office of the agency alleged to have engaged in discrimination.

The EEOC **does not** investigate charges alleging unfairness unrelated to race, color, sex, religion, national origin, age or disability.

The laws EEOC enforces against employment discrimination based on race, color, religion, sex, national origin, and disability require that an employer must employ 15 or more employees, and a charge must be filed within 300 days of the alleged discriminatory act.

The law that prohibits employment discrimination against persons 40 years of age or older requires that the employer must employ 20 or more employees, and a charge must be filed within 300 days of the alleged discriminatory act.

A law that prohibits discrimination based on sex in the payment of wages for substantially equal work requires that a lawsuit must be filed within two years of the alleged discriminatory act. The employer must employ at least one employee other than the employee complaining of discrimination. A charge may be filed within the same two year period but is not required.

EEOC accepts charges of discrimination from the public and depending on the circumstances, may take one or more of the following actions regarding a charge:

1. Investigate to the extent EEOC deems necessary to determine whether illegal employment discrimination probably has occurred;

2. Attempt to work out a settlement of the dispute between the individual who filed the charge (Charging Party) and the organization accused of employment discrimination (Respondent); or

3. **Provide the Charging Party with a notice which permits him/her to sue the Respondent.**

2017 –
05001

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## INTAKE QUESTIONNAIRE

Please immediately complete this entire form and return it to the U.S. Equal Employment Opportunity Commission ("EEOC"). **REMEMBER**, a charge of employment discrimination must be filed within the time limits imposed by law, within 180 days or in some places within 300 days of the alleged discrimination. When we receive this form, we will review it to determine EEOC coverage. Answer all questions completely, and attach additional pages if needed to complete your responses. If you do not know the answer to a question, answer by stating "not known." If a question is not applicable, write "N/A." (PLEASE PRINT)

*(DEAF)*                    *CHICAGO DISTRICT*

*OCT 24 2017*
*CHICAGO DISTRICT OFFICE*
*EEOC*

**1. Personal Information**

Last Name: Didirel          First Name: Daniel

Street or Mailing Address: 6135 N. Glenwood Ave          Apt or Unit #: 2 (EEOC)

City: Chicago          County: Cook          State: IL          Zip: 60660

Phone Numbers: Home: (___) _____          Work: (___) _____

Cell: (773) 904-0161          Email Address: _____

Date of Birth: 10/01/1984          Sex: ☒ Male ☐ Female          Do You Have a Disability? ☒ Yes ☐ No

**Please answer each of the next three questions.**   i. Are you Hispanic or Latino? ☐ Yes ☒ No

ii. What is your Race?   Please choose all that apply. ☐ American Indian or Alaskan Native   ☐ Asian   ☒ White
☐ Black or African American   ☐ Native Hawaiian or Other Pacific Islander

iii. What is your National Origin (country of origin or ancestry)?   Romania

**Please Provide The Name Of A Person We Can Contact If We Are Unable To Reach You:**

Name: Mirko Petrov          Relationship: Boyfriend

Address: 6135 N Glenwood Ave   City: Chicago          State: IL   Zip Code: 60660

Home Phone: (773) 574-5132          Other Phone: (___) _____

**2. I believe that I was discriminated against by the following organization(s):**  (Check those that apply)

☐ Employer   ☐ Union   ☐ Employment Agency   ☐ Other (Please Specify)   UPS

**Organization Contact Information** (If the organization is an employer, provide the address where you actually worked. If you work from home, check here ☐ and provide the address of the office to which you reported.) **If more than one employer is involved, attach additional sheets.**

Organization Name:   UPS at Airport O'Hare

Address: _____          County: _____

City: _____          State: ____   Zip: _____          Phone: (___) _____

Type of Business: _____   Job Location if different from Org. Address: _____

Human Resources Director or Owner Name: _____          Phone: (___) _____

**Number of Employees in the Organization at All Locations:** Please Check (✓) One

☐ Fewer Than 15   ☐ 15 – 100   ☐ 101 – 200   ☐ 201 – 500   ☐ More than 500

**3. Your Employment Data** (Complete as many items as you are able.) **Are you a federal employee?** ☐ Yes ☐ No

Date Hired: _____   Job Title At Hire: _____

Pay Rate When Hired: _____          Last or Current Pay Rate: _____

Job Title at Time of Alleged Discrimination: _____   Date Quit/Discharged: _____

Name and Title of Immediate Supervisor: _____

If Job Applicant, Date You Applied for Job _____   Job Title Applied For _____

Sister   Claudia          New number 224-276-0196          1
872-803-6467

# YOU MAY FILE A CHARGE

Sometimes we cannot tell whether what happened to you is something that we should investigate. We may ask you to get additional information or wait until it is clear as to what has happened and then return to our office.

Regardless of what we believe, you may file a charge with us. This is your decision to make. If you file a charge under these circumstances, we may still dismiss your charge because we have no authority to investigate or because we believe that no violation of the law has occurred. Filing a charge gives you an independent right to sue the organization. Whether you would win your lawsuit would be a matter for the court to determine.

**My signature acknowledges that I have read the above: INFORMATION ON EMPLOYMENT DISCRIMINATION and YOU MAY FILE A CHARGE.**

Signature:_____ Date: _____

**4. What is the reason (basis) for your claim of employment discrimination?**

*FOR EXAMPLE, if you feel that you were treated worse than someone else because of race, you should check the box next to Race. If you feel you were treated worse for several reasons, such as your sex, religion and national origin, you should check all that apply. If you complained about discrimination, participated in someone else's complaint, or filed a charge of discrimination, and a negative action was threatened or taken, you should check the box next to Retaliation.*

☐ Race  ☐ Sex  ☐ Age  ☑ Disability  ☐ National Origin  ☐ Religion  ☐ Retaliation  ☐ Pregnancy  ☐ Color (typically a difference in skin shade within the same race) ☐ Genetic Information; circle which type(s) of genetic information is involved: i. genetic testing   ii. family medical history   iii. genetic services (genetic services means counseling, education or testing)

If you checked color, religion or national origin, please specify:_____

If you checked genetic information, how did the employer obtain the genetic information?_____

_____

Other reason (basis) for discrimination (Explain): _____

**5. What happened to you that you believe was discriminatory?** Include the date(s) of harm, the action(s), and the name(s) and title(s) of the person(s) who you believe discriminated against you. Please attach additional pages if needed.
*(Example: 10/02/06 – Discharged by Mr. John Soto, Production Supervisor)*

**A. Date:** _____ **Action:** _____

_____

**Name and Title of Person(s) Responsible:** _____

**B. Date:** _____ **Action:** _____

_____

**Name and Title of Person(s) Responsible** _____

**6. Why do you believe these actions were discriminatory?** Please attach additional pages if needed.

_____

_____

**7. What reason(s) were given to you for the acts you consider discriminatory?  By whom?  His or Her Job Title?**

_____

_____

**8. Describe who was in the same or similar situation as you and how they were treated.** For example, who else applied for the same job you did, who else had the same attendance record, or who else had the same performance? Provide the race, sex, age, national origin, religion, or disability of these individuals, if known, and if it relates to your claim of discrimination. For example, if your complaint alleges race discrimination, provide the race of each person; if it alleges sex discrimination, provide the sex of each person; and so on. Use additional sheets if needed.

Of the persons in the same or similar situation as you, who was treated *better* than you?

| Full Name | Race, Sex, Age, National Origin, Religion or Disability | Job Title | Description of Treatment |
|---|---|---|---|

**A.**_____

_____

**B.**_____

_____

2

**Of the persons in the same or similar situation as you, who was treated *worse* than you?**

| Full Name | Race, Sex, Age, National Origin, Religion or Disability | Job Title | Description of Treatment |
|---|---|---|---|

A._____

_____

B._____

_____

**Of the persons in the same or similar situation as you, who was treated the *same* as you?**

| Full Name | Race, Sex, Age, National Origin, Religion or Disability | Job Title | Description of Treatment |
|---|---|---|---|

A._____

_____

B._____

_____

Answer questions 9-12 <u>only</u> if you are claiming discrimination based on disability. If not, skip to question 13. Please tell us if you have more than one disability. Please add additional pages if needed.

**9. Please check all that apply:**
☐ Yes, I have a disability
☐ I do not have a disability now but I did have one
☐ No disability but the organization treats me as if I am disabled

**10. What is the disability that you believe is the reason for the adverse action taken against you? Does this disability prevent or limit you from doing anything?** (e.g., lifting, sleeping, breathing, walking, caring for yourself, working, etc.).

_____

_____

_____

**11. Do you use medications, medical equipment or anything else to lessen or eliminate the symptoms of your disability?**
☐ Yes ☐ No
If "Yes," what medication, medical equipment or other assistance do you use?

_____

_____

**12. Did you ask your employer for any changes or assistance to do your job because of your disability?**
☐ Yes ☐ No

If "Yes," when did you ask? _____ How did you ask (verbally or in writing)? _____

Who did you ask? (Provide full name and job title of person)

_____

Describe the changes or assistance that you asked for: _____

_____

_____

How did your employer respond to your request? _____

_____

3

13. Are there any witnesses to the alleged discriminatory incidents? If yes, please identify them below and tell us what they will say. (Please attach additional pages if needed to complete your response)

| Full Name | Job Title | Address & Phone Number | What do you believe this person will tell us? |
|-----------|-----------|------------------------|-----------------------------------------------|

A. _____

B. _____

14. Have you filed a charge previously on this matter with the EEOC or another agency?  ☐ Yes  ☐ No

15. If you filed a complaint with another agency, provide the name of agency and the date of filing: _____

16. Have you sought help about this situation from a union, an attorney, or any other source?  ☐ Yes  ☐ No
Provide name of organization, name of person you spoke with and date of contact. Results, if any?

Please check one of the boxes below to tell us what you would like us to do with the information you are providing on this questionnaire. If you would like to file a charge of job discrimination, you must do so either within 180 days from the day you knew about the discrimination, or within 300 days from the day you knew about the discrimination if the employer is located in a place where a state or local government agency enforces laws similar to the EEOC's laws. If you do not file a charge of discrimination within the time limits, you will lose your rights. If you would like more information before filing a charge or you have concerns about EEOC's notifying the employer, union, or employment agency about your charge, you may wish to check Box 1. If you want to file a charge, you should check Box 2.

BOX 1 ☐ I want to talk to an EEOC employee before deciding whether to file a charge. I understand that by checking this box, I have not filed a charge with the EEOC. I also understand that I could lose my rights if I do not file a charge in time.

BOX 2 ☐ I want to file a charge of discrimination, and I authorize the EEOC to look into the discrimination I described above. I understand that the EEOC must give the employer, union, or employment agency that I accuse of discrimination information about the charge, including my name. I also understand that the EEOC can only accept charges of job discrimination based on race, color, religion, sex, national origin, disability, age, genetic information, or retaliation for opposing discrimination.

_____
**Signature**

_____7/24/17_____
**Today's Date**

PRIVACY ACT STATEMENT: This form is covered by the Privacy Act of 1974: Public Law 93-579. Authority for requesting personal data and the uses thereof are:

1) FORM NUMBER/TITLE/DATE. EEOC Intake Questionnaire (9/20/08). 2) AUTHORITY. 42 U.S.C. § 2000e-5(b), 29 U.S.C. § 211, 29 U.S.C. § 626. 42 U.S.C. 12117(a)

3) PRINCIPAL PURPOSE. The purpose of this questionnaire is to solicit information about claims of employment discrimination, determine whether the EEOC has jurisdiction over those claims, and provide charge filing counseling, as appropriate. Consistent with 29 CFR 1601.12(b) and 29 CFR 1626.8(c), this questionnaire may serve as a charge if it meets the elements of a charge. 4) ROUTINE USES. EEOC may disclose information from this form to other state, local and federal agencies as appropriate or necessary to carry out the Commission's functions, or if EEOC becomes aware of a civil or criminal law violation. EEOC may also disclose information to respondents in litigation, to congressional offices in response to inquiries from parties to the charge, to disciplinary committees investigating complaints against attorneys representing the parties to the charge, or to federal agencies inquiring about hiring or security clearance matters. 5) WHETHER DISCLOSURE IS MANDATORY OR VOLUNTARY AND EFFECT ON INDIVIDUAL FOR NOT PROVIDING INFORMATION. Providing this information is voluntary but the failure to do so may hamper the Commission's investigation of a charge. It is not mandatory that this form be used to provide the requested information.

November 2009